UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
MUSTAFA ABUELHIJA,                            :     Case No. 08-CV-3679 (HB)
                      Plaintiff,           :
                                        :
     -against-.                                  :     **ANSWER**
                                        :
DAVID CHAPPELLE AND PILOT BOY        :
PRODUCTIONS, INC.,                            :
                                        :
                     Defendants.        :
                                        :
-------------------------------------------------------------- x

       Defendants David Chappelle ("Chappelle") and Pilot Boy Productions, Inc.)("Pilot

Boy")( collectively referred to as "Defendants"), by their attorneys, Squire Sanders & Dempsey

L.L.P., as and for their Answer to the Complaint herein (the "Complaint"), allege as follows:

       1.       Admit that Plaintiff and Defendants herein entered into a Confidential Settlement

Agreement and Mutual Release in a prior litigation styled Mustafa *Abuelhija v. David Chappelle,*

*Pilot Boy Productions, Inc., and Focus Feature LLC*, Index No. 05-cv-10393 (S.D.N.Y.) (the

"2005 Litigation"); refer to the Confidential Settlement Agreement and Mutual Release for the

terms and contents thereof; aver that, by characterizing the substantive terms of the Confidential

Settlement Agreement and Mutual Release in the Complaint and attaching said agreement as an

Exhibit to the Complaint filed in the public record in this case and without any notice to

Defendants or request for sealing order or other appropriate protections, Plaintiff has violated the

confidentiality requirements of paragraph 6 of the Confidential Settlement Agreement and

Mutual Release and are in material breach of the Confidential Settlement Agreement and Mutual

Release; and otherwise deny the allegations set forth in paragraph "1" of the Complaint.

       2.       Admit that Defendant Chappelle is a citizen of Ohio and that defendant Pilot Boy

Productions, Inc. is a Delaware corporation, and otherwise deny the allegations set forth in

paragraph "2" of the Complaint, except to the extent the allegations set forth in paragraph "2" of the Complaint set forth conclusions of law, as to which no responsive pleading is required.

3.     To the extent the allegations set forth in paragraph "3" of the Complaint set forth conclusions of law, no responsive pleading is required; to the extent Plaintiff seeks to allege facts therein, any such factual allegations are denied.

4.     Deny knowledge or information with regard to Plaintiff's current citizenship, and otherwise deny the allegations set forth in paragraph "4" of the Complaint.

5.     Admit the allegations set forth in paragraph "5" of the Complaint.

6.     Admit that defendant Chappelle's conduct  relevant to the allegations set forth in the Complaint have been through defendant Pilot Boy and that Pilot Boy is a Delaware corporation; aver that Pilot Boy has its principal place of business in Ohio,; and otherwise deny the allegations set forth in paragraph "6" of the Complaint.

7.     Deny the allegations set forth in paragraph "7" of the Complaint.

8.     Admit that Plaintiff commenced the 2005 Litigation in December 2005, refer to Plaintiff's pleadings therein for the contents thereof, and otherwise deny the allegations set forth in paragraph "8" of the Complaint.

9.     Admit the allegations set forth in paragraph "9" of the Complaint.

10.     Admit the allegations set forth in paragraph "10" of the Complaint except refer to any Abuelhija/Chappelle Settlement Term Sheet for the terms and contents thereof.

11.     Admit the allegations set forth in paragraph "11" of the Complaint.

12.     Deny the allegations set forth in paragraph "12" of the Complaint.

13.     Admit that Plaintiff wrote to the Court on January 27, 2006 and refer to the letter of Plaintiff's counsel for the contents thereof; admit that the court ordered a hearing on or about

February 24, 2006; and otherwise deny the allegations set forth in paragraph "13" of the Complaint.

14.    Admit the allegations set forth in paragraph "14" of the Complaint.

15.    Deny the allegations set forth in paragraph "15" of the Complaint and refer to the Confidential Settlement Agreement and Mutual Release for the terms and contents thereof.

16.    Admit that Plaintiff has not received any payments to date from Defendants pursuant to the Confidential Settlement Agreement and Mutual Release; aver that Defendants have not received or been tendered any payments subject to paragraph 1 of the Confidential Settlement Agreement and Mutual Release; and otherwise deny the allegations set forth in paragraph "16" of the Complaint.

17.    Deny the allegations set forth in paragraph "17" of the Complaint.

18.    Deny the allegations set forth in paragraph "18" of the Complaint.

**ANSWERING THE ALLEGED CAUSE OF ACTION**

19.    In response to paragraph "19" of the Complaint, repeat, reiterate and reallege their responses to each and every allegation contained in paragraphs "1" through "18" of the Complaint with the same force and effect as if fully set forth herein.

20.    Deny the allegations set forth in paragraph "20" of the Complaint and refer to the Confidential Settlement Agreement and Mutual Release for the terms and contents thereof.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    Deny the allegations set forth in paragraph "22" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the express language set forth in the four corners of the Confidential Settlement Agreement and Mutual Release. Without waiving the confidentiality provisions of said agreement, Paragraph 1 of the Confidential Settlement Agreement and Mutual Release expressly and unambiguously limits Plaintiff's claims to payments received by Defendants under specifically dated agreements and under specified circumstances. To date, no such payments have been received by or tendered to Defendants.

## THIRD AFFIRMATIVE DEFENSE

Paragraphs 5 and 6 of the Confidential Settlement Agreement and Mutual Release provide, in their entirety, as follows:

> Confidentiality. The Terms of this Confidential Settlement Agreement and Mutual Release shall be maintained by Abuelhija and Pilot Boy in the strictest confidence. Neither Abuelhija nor Pilot Boy shall make any disclosure of this Confidential Settlement Agreement and Mutual Release other than as is specifically authorized in writing by the other expect to consult with their respective attorneys, financial or tax advisors. Abuelhija and Pilot Boy shall limit their response to any inquiries about this Confidential Settlement Agreement and Mutual Release, the Litigation and the events, transactions and controversies underlying the Confidential Settlement Agreement and Mutual Release and the Litigation to "no comment" or "everything has been resolved to our complete satisfaction."

> Confidential Information. Neither Abuelhija nor Pilot Boy shall discuss, disclose or disseminate in any form or give or participate in any interview regarding or related to the other and the employment and business relationship between them. In addition to the obligations and prohibitions in the preceding paragraph and sentence, Abuelhija and Pilot Boy shall, to the fullest extent permitted by law, keep confidential and never disclose, use, misappropriate, or confirm or deny the veracity of any statement or comment concerning the other, including all entities related to the other and any of the other's Confidential Information. The phrase

"Confidential Information" as used in this paragraph, includes, but is not limited to any and all information which is not generally known to the public related to or concerning the other.

Abuelhija and Pilot Boy acknowledge and agree that a disclosure or misappropriation of any Confidential Information in violation if [sic] this paragraph will cause irreparable harm, the amount of which may be difficult to ascertain. Abuelhija and Pilot Boy therefore agree that the other shall have the right to apply to a court of competent jurisdiction for an order restraining such disclosure, use or misappropriation and for such other relief as may be deemed appropriate.

The confidentiality provisions set forth in paragraphs 5 and 6 were negotiated, "but for" conditions precedent to Defendants' entry into the Confidential Settlement Agreement and Mutual Release. By characterizing the substantive terms of the Confidential Settlement Agreement and Mutual Release in the Complaint herein and attaching said agreement in its entirety as an Exhibit to the Complaint filed in the public record, without any prior notice to Defendants or application to the Court to file the Confidential Settlement Agreement and Mutual Release under seal or for other appropriate relief, Plaintiff has violated the confidentiality requirements of paragraph 6 of the Settlement Agreement and has thereby materially breached the Confidential Settlement Agreement and Mutual Release. Accordingly, Plaintiff has, *inter alia*, waived or forfeited any rights or remedies under the Confidential Settlement Agreement and Mutual Release.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

Plaintiff is barred by the equitable doctrine of unclean hands from obtaining specific performance or any other equitable remedy in this case, on account of Plaintiff's own misconduct in violating the confidentiality provisions of the Confidential Settlement Agreement and Mutual Release.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred by the equitable doctrine of estoppel from obtaining specific performance or any other equitable remedy in this case, on account of Plaintiff's own misconduct in violating the confidentiality provisions of the Confidential Settlement Agreement and Mutual Release.

**WHEREFORE** defendants respectfully request a Judgment:

A.      Dismissing the complaint in its entirety;

B.      Granting the defendants the costs and disbursements of this action together with such other and further relief as this Court deems just and proper.

Dated: New York, New York.                    SQUIRE, SANDERS & DEMPSEY L.L.P.
       July 7, 2008

                                              By: _____
                                                  Richard L. Mattiaccio (RM-4764)
                                                  350 Park Avenue
                                                  15th Floor
                                                  New York, NY  10022
                                                  212-872-9800

                                                  Attorneys for Defendants