DOC #: _____
DATE FILED: 7/7/08

U.S. DISTRICT JUDGE
S.D.N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
MUSTAFA ABUELHIJA,                              :   Case No. 08-CV-3679 (HB)
                          Plaintiff,            :
                                                :
     -against-                                  :   STIPULATED PROTECTIVE ORDER
                                                :
DAVID CHAPPELLE AND PILOT BOY                   :
PRODUCTIONS, INC.,                              :
                                                :
                          Defendants.           :
----------------------------------------------------------- x

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1.  **Non-disclosure of Stamped Confidential Documents.** Except with the prior written consent of the party or other person originally designating a document to be stamped as a confidential document, or as hereinafter provided under this order, no stamped confidential document may be disclosed to any person.

2.  **Stamped Confidential Document.** A "stamped confidential document" means any document which bears the legend (or which shall otherwise have had the legend recorded upon it in a way that brings its attention to a reasonable examiner) "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Fed. R. Civ. P. 26(c)(7). For purposes of this order, the term "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise. Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain material entitled

to protection may be accorded status as a stamped confidential document, but, to the extent feasible, shall be prepared in such a manner that the confidential information is bound separately from that entitled to protection.

3.  **Permissible Disclosures.**  Notwithstanding paragraph 1, stamped confidential documents may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; to the partners, associates, secretaries, paralegal assistants, employees of such attorneys to the extent reasonably necessary to render professional services in the litigation; to translators; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to the court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court). Subject to the provision of subparagraph (c), such documents may also be disclosed - -

(a) to any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(b) to persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to the parties and their managers and employees for the purpose of assisting counsel in the Litigation; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; and to employees of third-party contractors performing one or more of these functions; provided, however, that in all such cases the individual to whom disclosure is to be made has signed a form (the Non-Disclosure Acknowledgement") containing - -

(i.) a recital that the signatory has read and understands this Order;

(ii.) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of court; and a

(iii.) statement that the signatory consents to the exercise of personal jurisdiction by this Court.

(c) Before disclosing a stamped confidential document to any person listed in subparagraph (a) or (b) who is a competitor (or an employee of a competitor) of the party that so designated the document, the party wishing to make such a disclosure shall give at least five days' advance notice in writing to the counsel who designated such information as confidential, stating the names and address of the persons(s) to whom the disclosure will be made, identifying with particularity the documents to be disclosed, and stating the purposes of such disclosure. For purposes of this subparagraph, the term "competitor" does not comprise any parties to this action. If, within the five day period, an application is made to the court objecting to the proposed disclosure, disclosure is not permissible until the court has denied such application. This court will deny the application unless the objecting party shows good cause why the proposed disclosure should not be permitted.

4. **Attorneys Eyes Only.** Notwithstanding the above, one or more of the parties may designate especially sensitive Confidential Information as being produced for ATTORNEYS EYES ONLY. This designation shall be made sparingly. Where the marking or designation of documents, testimony, pleadings or things is required under this paragraph, a legend bearing the words "ATTORNEYS EYES ONLY" or its equivalent shall be used in addition to the legend bearing the word "CONFIDENTIAL". Confidential Information which is designated ATTORNEYS EYES ONLY may not be disclosed to any of the individuals identified in paragraph

3 above except as follows:

 (a) a Court of the United States, under seal;

 (b) counsel of record advising Plaintiffs and Defendants herein (including support staff as reasonably necessary). For Plaintiff this is MORELLI RATNER PC., 950 Third Avenue, 11th Floor, New York, NY 10022 and for Defendants this is SQUIRE, SANDERS AND DEMPSEY L.L.P., 1095 Avenue of the Americas, New York, NY 10036;

 (c) independent experts and consultants retained in this action, provided that any such expert or consultant shall first have signed a Non-Disclosure Acknowledgement.

5. **Declassification.** The parties agree to work together in good faith to resolve disputes over whether particular matters constitute confidential and/or attorney's eyes only information. Should the parties fail to agree, a party (or aggrieved entity permitted by the court to intervene for such purpose) may apply to the court for a ruling that a document (or category of documents) stamped as confidential and/or confidential attorneys eyes only is not entitled to such status and protection. The party or other person that designated the document as confidential and/or confidential attorney's eyes only shall be given notice of the application and an opportunity to respond. To maintain confidential and/or confidential attorneys eyes only status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

6. **Confidential Information in Depositions.**

 (a) A deponent may during the deposition be shown, and examined about, stamped confidential documents if the deponent already knows the confidential

information contained therein or if the provisions of paragraph 3(b) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b). A deponent who is not a party or a representative of a party shall be furnished with a copy of this order before being examined about, or asked to produce, potentially confidential documents.

(b)    Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portion of the pages that are confidential and marking such pages with the following legend: "Confidential--Subject to protection pursuant to Court Order." Until expiration of the 15 day period, the entire deposition will be treated as subject to protection against disclosure under this order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portion and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

7.    **Filing of Confidential Information.**  Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential Information may be offered in evidence at trial or any court hearing or in support of or in opposition to any motion, provided that the proponent of the evidence gives five business days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may apply to the court for an order that the evidence be received in camera or under other conditions to prevent unnecessary

disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial.

8.  **Subpoena by Other Courts or Agencies.** If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this order, such party shall promptly notify the party or other person who designated the documents as confidential of the pendency of such subpoena or order.

9.  **Client Consultation.** Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in court thereof, replying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures of paragraph 3(b) and (c).

10. **Use.** Persons obtaining access to stamped confidential documents under this order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any purpose, including business, governmental, commercial, or administrative or judicial proceedings. For purposes of this paragraph, the term "this litigation" includes other related litigation in which the producing person or company is a party.

11. **Non-Termination.** The provisions of this order shall not terminate at the conclusion of this action. Within 120 days after final conclusion of all aspects of this litigation, stamped confidential documents and all copies of Sealed documents may be unsealed, upon notice to the parties, pursuant to further order of the Court. returned to the party or person which produced such documents or, at the option of the producer (if

SO ORDERED:

_____
Hon. Harold Baer, Jr., U.S.D.J.

6. **Date:** 8/7/08

NEW YORK/83275.4
057250 0000

it retains at least one copy of the same), destroyed. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 150 days after final termination of this litigation.

12.  **Modification Permitted.**  Nothing in this order shall prevent any party or other person from seeking modification of this order or from objecting or seeking further limitations on discovery that it believes to be otherwise improper.

13.  **Responsibility of Attorneys.**  The attorneys of record are responsible for employing reasonable measures to control, consistent with this order, duplication of, access to, and distribution of copies of stamped confidential documents. Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

Dated:   New York, New York
         July 31, 2008

MORELLI RATNER PC.

By: _____
Rory I. Lancman (RL-9404)
950 Third Avenue, 11th Floor
New York, NY 10022
212-750-9800
*Attorneys for Plaintiff*

Dated:   New York, New York
         July 31, 2008

SQUIRE, SANDERS & DEMPSEY L.L.P.

By: _____
Richard L. Mattiaccio (RM-4764)
1095 Avenue of the Americas, 31st Floor
New York, NY 10036
212-872-9800
*Attorneys for Defendants*

**SO ORDERED:**